IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INSYS THERAPEUTICS, INC. and | ) | |
| INSYS DEVELOPMENT COMPANY, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 17-1303 (CFC) |
| v. | ) | CONSOLIDATED |
| | ) | |
| TEVA PHARMACEUTICALS USA, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## SCHEDULING ORDER [PATENT CASE]

The Court having previously conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration:

IT IS ORDERED that:

1.    Rule 26(a)(1) Initial Disclosures.  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) on or before **March 22, 2018**.

2.    Joinder of Other Parties and Amendment of Pleadings.  All motions to join other parties shall be filed on or before **September 27, 2018**, and all motions to amend or supplement the pleadings shall be filed on or before **February 15, 2019**.

3.    Discovery.

a.    Discovery Cut Off.  All discovery in this case shall be initiated so that it will be completed on or before **April 12, 2019**.

b.    Document Production.  Document production shall be substantially complete on or before **January 31, 2019** and completed on or before **March 6, 2019**.

c.      <u>Requests for Admission</u>.  A maximum of **50** requests for admission are permitted for each side, exclusive of requests regarding the authenticity of documents.

d.      <u>Interrogatories</u>.  A maximum of **25** interrogatories, including contention interrogatories, are permitted for each side.

e.      <u>Depositions</u>.

i.      <u>Limitation on Hours for Deposition Discovery</u>.  Each side is limited to a total of **70** hours of taking fact witness testimony by deposition upon oral examination, of which a maximum of **21** hours may be used to take 30(b)(6) testimony.  These limitations do not include expert witness depositions.

ii.      <u>Location of Depositions</u>.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

4.      <u>Application to Court for Protective Order</u>.  Having found it necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel conferred and reached an agreement on a proposed form of order and submitted it to the Court (D.I. 23).

Counsel agree that the below clause applies to the entered protective order (D.I. 23):

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential

pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.    Disputes Relating to Discovery Matters and Protective Orders.  Should counsel find they are unable to resolve a dispute relating to a discovery matter or protective order, the parties shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than 48 hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and the party's position on those issues.  The party shall submit as attachments to its letter (1) an averment of counsel that the parties made a reasonable effort to resolve the dispute and that such effort included oral communication that involved Delaware counsel for the parties, and (2) a draft order for the Court's signature which identifies with specificity the relief sought by the party.  By no later than 24 hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.  Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).  If a motion concerning a discovery matter or protective order is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the procedures set forth in this paragraph.

6.    Papers Filed Under Seal.  When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers.  A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

7.    Courtesy Copies.  The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (*i.e.,*

appendices, exhibits, declarations, affidavits *etc.*).  This provision also applies to papers filed under seal.

8.    Claim Construction Issue Identification. On or before **October 4, 2018,** the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s).  This document will not be filed with the Court.  Subsequent to exchanging that list, the parties will meet and confer by **October 11, 2018** to prepare a Joint Claim Construction Chart to be filed no later than **October 15, 2018**.  The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to cfc_civil@ded.uscourts.gov.  The text for the Joint Claim Construction Chart shall be 14-point and in a Times New Roman or similar typeface.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

9.    Claim Construction Briefing. The Plaintiffs shall serve, but not file, their opening brief, not to exceed 5,500 words, on **November 6, 2018**.  The Defendant shall serve, but not file, its answering brief, not to exceed 8,250 words, on **December 3, 2018**.  The Plaintiffs shall serve, but not file, their reply brief, not to exceed 5,500 words, on **December 21, 2018**.    The Defendant shall serve, but not file, its sur-reply brief, not to exceed 2,750 words, on **January 8, 2019**.  The text for each brief shall be 14-point and in a Times New Roman or similar typeface. Each brief must include a certification by counsel that the brief complies with the type and

- 4 -

number limitations set forth above.  The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

No later than **January 11, 2019**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their untitled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I.    Agreed-upon Constructions

II.   Disputed Constructions

    A.    [TERM 1]

        1.    Plaintiffs' Opening Position
        2.    Defendant's Answering Position
        3.    Plaintiffs' Reply Position
        4.    Defendant's Sur-Reply Position

    B.    [TERM 2]

        1.    Plaintiffs' Opening Position
        2.    Defendant's Answering Position
        3.    Plaintiffs' Reply Position
        4.    Defendant's Sur-Reply Position

Etc.   The parties need not include any general summaries of the law relating to claim construction.  If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

    10.    <u>Hearing on Claim Construction</u>.  Beginning at **9:00 a.m.** on **February 12, 2019**, the Court will hear argument on claim construction.  Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due to be served), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

11.    <u>Disclosure of Expert Testimony</u>.

    a.    <u>Expert Reports</u>.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **May 3, 2019**.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **June 28, 2019**.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.  Depositions of experts shall be completed on or before **August 2, 2019**.

    b.    <u>Objections to Expert Testimony</u>.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than **August 12, 2019**, unless otherwise ordered by the Court.

12.    <u>Case Dispositive Motions</u>.  The parties have agreed that no case dispositive motions shall be filed.

13.    <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

14.    <u>Pretrial Conference</u>.  On **September 23, 2019**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at **10:00 a.m.**  The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than **5:00 p.m.** on **September 9, 2019**.  Plaintiffs shall provide a draft of the proposed pretrial order to

Defendant on or before **August 12, 2019**. Defendant shall provide its comments on the draft of the proposed pretrial order to Plaintiffs on or before **August 26, 2019**.

15.    Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

16.    Compendium of Cases. A party may submit with any briefing two courtesy copies of a compendium of the selected authorities on which the party would like the Court to focus. The parties should not include in the compendium authorities for general principles or uncontested points of law (e.g., the standards for summary judgment or claim construction). An authority that is cited only once by a party generally should not be included in the compendium. An authority already provided to the Court by another party should not be included in the compendium.

17.    Jury Instructions, Voir Dire and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47.l(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5:00 p.m. on the third business day before the date of the final pretrial

conference. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to cfc_civil@ded.uscourts.gov.

18.     Trial. This matter is scheduled for a **5-day** bench trial beginning at 9:00 a.m. on **October 15, 2019,** with the subsequent trial days beginning at 9:30 a.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

19.     ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

_____
UNITED STATES DISTRICT JUDGE

CFC Patent Scheduling Order
October 9, 2018
12252658.4

- 8 -